THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD MELVIN, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, December 29, 1939.

*Joseph Aronstein* [*John J. Duff* of counsel], for the appellant.

*William F. X. Geoghan, District Attorney* [*George F. Palmer, Jr.,* of counsel], for the respondent.

BAYES, Ch. J.   Appeal from judgment rendered June 27, 1939, in the Magistrates' Court, Brooklyn, Fifth District, convicting defendant of a violation of subdivision 5 of section 899 of the Code of Criminal Procedure and sentencing defendant to deposit bond in the sum of $500 cash, conditioned upon his good behavior for the period of one year, and in default thereof committing him to the penitentiary for a term not exceeding six months.

The material portion of the complaint reads as follows: " On the 1st day of June, 1939, Harold Melvin is a disorderly person within the meaning of Section 899 Subd. 5 of the Code of Criminal Procedure of the State of New York, in that on the above mentioned date, the said Harold Melvin had no visible profession or calling by which to maintain himself and did so for the most part by gaming.   Deponent having arrested the defendant on a charge of the possession of Policy Slips and during a course of conversation the defendant stated that he had been collecting policy slips for the past year and that he received twenty percent of the collections that he made, and that he depended upon the receipts of the policy business to maintain himself, wherefore, deponent prays that the said Harold Melvin be adjudged a Disorderly Person and dealt with according to law."

Subdivision 5 of section 899 of the Code of Criminal Procedure provides:

" The following are disorderly persons:   *   *   *

" 5. Persons who have no visible profession or calling, by which to maintain themselves, but who do so, for the most part, by gaming."

The testimony of the arresting officer was to the effect that at about ten-thirty A. M., on June 1, 1939, he observed defendant enter premises 820 Manhattan avenue, Brooklyn, and a few minutes later emerge therefrom, cross the street and enter premises 821 Manhattan avenue; that when defendant came out of the last-named place the officer beckoned to him and asked, " Where is the slips?" whereupon defendant placed his hand in his left-hand pocket and took out a pad in which there were nine slips of paper containing policy numbers; that he questioned defendant as to the amount of money placed by other persons with him and defendant supplied

the information; that upon further questioning defendant told the officer he collects an average of twenty dollars to thirty dollars per day of which he receives twenty per cent and that he has been working at this about a year during which time he did nothing else; thereupon he arrested defendant for the possession of policy slips which was followed by a conviction for such possession in the Court of Special Sessions. The witness further testified that he had no independent knowledge of his own in regard to the defendant's activities prior to his arrest. The defendant did not take the stand so that the conviction rested upon the testimony of the officer.

From a reading of the trial minutes it is doubtful whether the testimony warrants a finding that defendant had no visible profession or calling by which to maintain himself and did so for the most part by gaming. However, there is a more serious difficulty, viz., that an action under section 899 must be predicated upon a warrant issued by the magistrate. Section 900 of the Code of Criminal Procedure provides as follows: " Upon complaint on oath, to a justice of the peace or police justice of a city, village or town, or to the mayor, recorder, city judge or judge of the general sessions of the city, against a person, as being disorderly, the magistrate must issue a warrant, signed by him, with his name of office, requiring a peace officer to arrest the defendant, and bring him before the magistrate for examination."

Since a proceeding under section 899 involves drastic summary action it is highly important that the statute should be strictly followed. There is nothing in the record to show that a complaint upon oath was made as required by section 900 and a warrant predicated thereon issued, and accordingly the magistrate did not acquire jurisdiction. (See *People* v. *Fuerst*, 13 Misc. 304.)

In cases involving summary arrest there must be proof bringing the person accused within the provisions of the statute. (See the recent case of *People* v. *Pieri*, 269 N. Y. 315, which involved a construction of subdivision 11 of section 722 of the Penal Law — consorting with persons of evil reputation. See, also, *People* v. *Sohn*, 269 N. Y. 330, which involved a construction of subdivision 1 of section 887 of the Code of Criminal Procedure, which defines as a vagrant " A person who, not having visible means to maintain himself, lives without employment.")

Inasmuch as the magistrate did not acquire jurisdiction the judgment of conviction should be reversed and the complaint dismissed.

De Luca and Kozicke, JJ., concur.