THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* DOUGLAS THEODORE HENRY, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JORDAN PAUL ROUGEAUX, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* RONALD DEEMER, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JACKIE LEE BUFFINGTON, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* DONALD JOSEPH EDWARDS, Respondent.

Fourth Department, April 11, 1963.

*Joseph A. Ryan, District Attorney,* for appellant.

*William Francis Lynn* and *Gary L. Orenstein* for Douglas Theodore Henry, respondent.

*Gary L. Orenstein* for Jordan Paul Rougeaux, respondent.

*Francis R. Belge* for Ronald Deemer, respondent.

*John E. Shaffer* for Jackie Lee Buffington, respondent.

*Donald Joseph Edwards,* respondent in person.

*Per Curiam.* These are appeals from the dismissal of five indictments charging each of the defendants with the crime of sodomy in the first degree in violation of subdivision 5 of section 690 of the Penal Law. In each case, a demurrer to the indictment was allowed on the ground that the facts stated in the indictment did not constitute a crime. The language of the indictment in the case of *People* v. *Henry* is typical. It reads as follows:

" The Grand Jury of the County of Onondaga by this indictment accuse Douglas Theodore Henry of the crime of Violation of § 690 (5) of the Penal Law of the State of New York — Crime Against Nature (Sodomy-Felony), committed as follows:

" The said Douglas Theodore Henry, on or about the 26th day of December, nineteen hundred and sixty-one, at the City of Syracuse, in this county, at the Cedar Street Jail on Cedar Street, did aid and abet one Thomas Dewey, a male person of the age of twenty-three years lawfully detained in said jail, to carnally know said Douglas Theodore Henry, who was then and there lawfully detained in said jail, by and with the mouth, in that said Douglas Theodore Henry counseled, induced and procured the said Thomas Dewey to place his mouth on and around the penis of the aforesaid Douglas Theodore Henry and did, therefore, commit the crime and felony of Sodomy as a principal, as defined in § 2 of the Penal Law of the State of New York."

It will be noted that the age of the defendant is not stated but, in the absence of an allegation to the contrary, it may be assumed that he was of full age.

The indictment was needlessly complicated by charging that the defendant aided and abetted the other participant, Thomas Dewey, to carnally know the defendant, instead of directly charging that the defendant himself committed the crime of sodomy by carnally knowing Dewey. The "aiding and abetting" theory makes it necessary to inquire first into Dewey's guilt as the participant who was alleged to have been aided and abetted by the defendant. Upon the facts charged, Dewey was undoubtedly guilty of the crime of sodomy "with the mouth" under section 690 of the Penal Law. Under that section, the crime may be committed "by or with the mouth". It therefore covers both the person who uses his mouth and the person whose sex organ is used. This point was in doubt under the language of some parts of the opinion in *People v. Randall* (9 N Y 2d 413). But the doubt was cleared up by *People v. Maggio* (12 N Y 2d 789), reversing a dismissal of an indictment for sodomy, upon the dissenting opinion of Presiding Justice BELDOCK at the Appellate Division (16 A D 2d 820). The limited meaning which had been given to the phrase "carnal knowledge" in the *Randall* case was overruled by the *Maggio* case. In our case, there is no doubt that Dewey could properly be held liable as a principal and those who voluntarily aided and abetted him would be liable as accessories before the fact at common law, or as principals under the statutory definition in section 2 of the Penal Law.

However, a complication arises from the fact that, according to the indictment, both Dewey and the defendant were "lawfully detained in　*　*　*　jail" at the time of the commission of the act. Under subdivision 5 of section 690 of the Penal Law, if the person upon whom the crime is committed is "in the custody of the law, or of any officer thereof, or in any place of lawful detention", the absence of his consent to the act is implied and therefore the person committing the act upon him is guilty of sodomy in the first degree, even though both were of full age and even though, in fact, both voluntarily participated. This provision makes Dewey's crime sodomy in the first degree but it is arguable that, by the same token, it makes the defendant a victim rather than an accomplice of the perpetrator of the crime, since by presumption of law he is deemed to have been an unwilling participant (*People v. Randall, supra,* p. 421). If this view is taken, the indictment may be insufficient insofar as it rests upon the theory that the defendant aided and abetted Dewey in the commission of the crime.

We can, however, cut through this difficulty by treating the indictment as one charging directly that the defendant com-

mitted the crime of sodomy upon Dewey. The opening paragraph of the indictment charges the defendant with having committed the crime of sodomy in violation of subdivision 5 of section 690 of the Penal Law and the latter part of the second paragraph charges that the defendant procured Dewey "to place his mouth on and around the penis of the aforesaid Douglas Theodore Henry and did, therefore, commit the crime and felony of sodomy as a principal".

These allegations of the indictment charge the defendant with being a principal, both in the common-law sense and under the statutory definition, in perpetrating the crime of sodomy upon Dewey "*by* the mouth", that is, by placing his sex organ in Dewey's mouth. Since Dewey was then a person lawfully detained in jail, the crime constituted sodomy in the first degree. The fact that the defendant was also a prisoner in the jail is immaterial, so far as his guilt as a perpetrator of the crime is concerned.

Furthermore, under the definition of "principal" in section 2 of the Penal Law, there is no longer any distinction in this State between persons who aid and abet others to commit a crime and those who directly commit it. They are both equally declared to be principals. Under this statute, proof that one aided and abetted in the commission of a crime is sufficient to sustain a conviction under an indictment charging him with having directly committed the crime, and vice versa. (*People* v. *Bliven,* 112 N. Y. 79; *People* v. *Corbalis,* 178 N. Y. 516, 523 [concurring opinion]; *People* v. *Katz,* 209 N. Y. 311, 325–326.) " Where an indictment charges A as principal and B as abetting, there is no variance where the evidence shows B as principal and A as abetting." (2 Wharton's Criminal Evidence [11th ed.], § 1036, p. 1821.)

What has been written above applies to the other defendants as well as to the defendant Henry.

In the case of Ronald Deemer an additional point was raised. At one place in the body of the indictment the defendant was referred to as " Donald " Deemer. We cannot agree with the court below that this was a fatal defect. The error was obviously a typographical one, and it may be disregarded or it may be corrected by amendment.

The orders appealed from should therefore be reversed, the demurrers disallowed and the indictments reinstated.

WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ., concur.

Orders unanimously reversed, demurrers disallowed, and indictments reinstated.