OPINION OF THE COURT
Stephen G. Crane, J.
The defendant is accused of the class A misdemeanors of promoting gambling in the second degree (Penal Law, § 225.05) and possession of a gambling device (Penal Law, § 225.30). He moves, pursuant to the standards of CPL 100.40, to dismiss the information for insufficiency on its face.
The information alleges that “defendant, acting in concert with two (2) others not apprehended, knowingly advance[d] and profiled] from three (3) card monte in that defendant 'acted as lookout for the two (2) others and shouted police when deponent approached, causing the two (2) others-tó flee with their cards and money.”
Defendant argues that the factual allegations fail to establish defendant’s commission of every element of the *472 offenses charged. The first count of promoting gambling in the second degree requires allegations that defendant “knowingly advances or profits from unlawful gambling activity.”[1] (Penal Law, §225.05.) The pleading states as much in the statutory language. But defendant contends that his personal actions, alleged in the information, fall short of the statutory definition of advancing gambling activity. Simply, he states that inducing flight is not the equivalent of any of the activities defined as advancing gambling (Penal Law, § 225.00, subd 4).[2] Defendant ignores the charge that he was “acting in concert”.
Section 20.00 of the Penal Law provides: “When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.” The defendant allegedly acted as a lookout for his accomplices: when the police approached, he warned the others, who thereupon fled with the cards and money. The defendant, by aiding and abetting his coperpetrators, is guilty as a principal as if he had personally committed the acts ascribed to them. (People v Liccione, 63 AD2d 305, 312- *473 313, affd 50 NY2d 850, and cases cited; People v Henry, 18 AD2d 293, 296.) Indeed, as a lookout defendant was a participant in the criminal conduct of his companions, an accomplice as a matter of law, and himself criminally liable as a principal. (People v Basch, 36 NY2d 154, 157; People v Capobianco, 18 Misc 2d 217.)
By charging that defendant, acting in concert, aided his fellow monte players in their gambling activities, particularly by acting as their lookout, the information sufficiently alleges facts supporting every element of the misdemeanor of promoting gambling in the second degree.
The information is also sufficient on its face to sustain the second count of possession of a gambling device. Section 225.30 of the Penal Law, in pertinent part, provides: “A person is guilty of possession of a gambling device when, with knowledge of the character thereof, he * * * possesses * * * (2) [a]ny * * * gambling device, believing that the same is to be used in the advancement of unlawful gambling activity.” The defendant disclaims liability under this section because he, personally, never had actual possession of the cards or money nor such control thereof as to be in constructive possession. Again, this argument ignores defendant’s liability pursuant to section 20.00 of the Penal Law. As a principal responsible for the acts of his coperpetrators, defendant had as much actual possession as they did. (People v Liccione, supra; People v Henry, supra; see, also, People v Feliciano, 32 NY2d 140, 142 [defendant, as an accomplice under section 20.00 of the Penal Law, held to be criminally liable as a principal for possession of a dangerous drug in the third degree although only his codefendant had actual physical possession of the contraband]; People v Passero, 83 AD2d 769 [defendant, acting in concert with his subordinate, the actual possessor of gambling records, deemed to have at least constructive possession within the meaning of subdivision 8 of section 10.00 of the Penal Law].)
Thus, the second count is likewise sufficiently pleaded.
*474 Accordingly, defendant’s motion to dismiss the information as insufficient on its face is denied.

. “Unlawful” means not specifically authorized by law. (Penal Law, § 225.00, subd 12.) And defendant does not contend that three-card monte is anything but unlawful. Three-card monte is “a gambling game in which the dealer shows three cards, shuffles them, places them face down, and invites spectators to bet they can identify the location of a particular card.” (Webster’s New Collegiate Dictionary [1976].) In essence, it is a variation of the old “shell game” with cards substituted for cups. (People v Williams, 93 Misc 2d 726, 728.)

. The information does not charge defendant personally with “creation or establishment” of the game, “acquisition or maintenance” of the equipment, “solicitation or inducement” of participants, “actual conduct of the playing phases”, or “arrangement of * * * financial or recording phases”. Defendant urges that the People are, consequently, limited to proof of defendant’s participation in or aid of “any other phase of its operation.” He argues from the legislative history that inducement to flight was known at the time of the Penal Law revision yet omitted from the enumeration of gambling activity advancement in subdivision 4 of section 225.00 of the Penal Law; ergo, he contends that inducement to flight was not made criminal. If the information at bar were restricted to defendant’s personal acts on the date in question, his argument would, nevertheless, be rejected. Whatever the legislative history, the enumeration in subdivision 4 of section 225.00 is expressly “not limited” to the conduct specified. Neither is the catchall phrase exhaustive, “conduct directed *** toward any other phase”. (McKinney’s Cons Laws of NY, Book 1; Statutes, § 114.) Besides, the interpretation of the Penal Law must give “fair import to [its] terms to promote justice and effect the objects of the law.” (Penal Law, § 5.00.)