OPINION OF THE COURT
Sheryl L. Parker, J.
Defendant is charged with possession of a gambling device (Penal Law § 225.30 [2]) and promoting gambling in the second degree (Penal Law § 225.05). The charges stem from allegations that defendant was running a game of three-card monte.
Defendant moves to dismiss the accusatory instrument on the ground that it is facially insufficient. For the reasons set forth below, defendant’s motion is granted.
*71 The factual portion of the accusatory instrument reads as follows: "Deponent states that he observed the defendant standing alone behind a cardboard box with a small crowd standing around the defendant. Deponent further states that he observed the defendant manipulating cards by shuffling three cards, and encouraging pedestrians to place bets by handing an unapprehended individual a sum of U.S. currency, and stating in substance, 'He won again.’ Deponent further states that based upon his training and experience, the defendant was engaged in an illegal street card game commonly known as 'three card monte’. Deponent further states that he recovered three playing cards from on top of the cardboard box.”
To be sufficient on its face, an information must state evidentiary facts which provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [1] [b].) In addition, an information must contain non-hearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; 100.15 [3].) In People v Alejandro (70 NY2d 133 [1987]), the Court of Appeals held that the failure of an information to contain such nonhearsay allegations sufficient to establish both reasonable cause to believe that defendant committed the crime charged, as well as legally sufficient or "prima facie” evidence supporting that belief, renders the information jurisdictionally defective.
A person is guilty of promoting gambling in the second degree "when he knowingly advances or profits from unlawful gambling activity.” (Penal Law § 225.05.) The crime of possession of a gambling device is set forth in Penal Law § 225.30, and states that a person is guilty "when, with knowledge of the character thereof, he manufactures, sells, transports, places or possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody or use of: * * * (2) Any other gambling device, believing that the same is to be used in the advancement of unlawful gambling activity.”
Pivotal to the case at hand is whether the act of playing three-card monte constitutes "gambling” as defined in Penal Law § 225.00 (2). Gambling occurs when a person "stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will *72 receive something of value in the event of a certain outcome.” (Penal Law § 225.00 [2].) A contest of chance is defined as "any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein.” (Penal Law § 225.00 [1].)
Defendant argues that three-card monte is a game of skill, and as such falls outside the definition of gambling. The People counter by contending that a commonsense understanding of the game, i.e., that the player has a one in three chance of winning, supports the conclusion that the game is one of chance. The People also argue that the question of whether it is a game of skill or chance is properly resolved by the trier of fact.
Although some games may involve both an element of skill and chance, where "the outcome depends in a material degree upon an element of chance,” the game will be deemed a contest of chance. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 225, at 104; People v Cruz, NYLJ, June 11, 1993, at 22, col 3 [Crim Ct, NY County].)
Three-card monte is a game in which a dealer shows a player three cards and designates one of them as the "court” card. The dealer then turns the cards face down and moves them around on a flat surface. After watching the cards shuffled about, the player attempts to chose the "court” card. If he chooses this card he wins. If not, the dealer wins. The dealer banks on his ability to manipulate the cards faster than the player can track the cards with his eye, while the player stakes his wager on the opposite being true.
Absent trickery or deceit on the part of the dealer, i.e., palmed cards, the contest pits the skill level of the dealer in manipulating the cards against that of the player in visually tracking the card. Played fairly, skill rather than chance is the material component of three-card monte. (See, Metcalf v State, 205 Tenn 598, 329 SW2d 824 [1959]; cf., People v Brown, 112 Misc 2d 471 [Crim Ct, NY County 1982] [implicit finding by the court that three-card monte constitutes gambling].)[1]
In some instances, the dealer has an advantage over the player, even when no trickery is involved. This occurs where *73 there exists a disparity between the players’ skill levels. Differing skill levels, however, do not transform the game into a contest of chance. (People v Fuerst, 13 Misc 304, 307 [Queens County Ct 1895] [" 'fish pond game’ seems to involve no element of chance, and calls wholly for the exercise of skill * * * In most instances the chances are that the anglers will be found to be unskillful, but that would not make the result of the angling dependant upon chance”].)
By way of example, one could say that an amateur tennis player facing a title-holding champion may not have a "chance” of winning. In that context, the term "chance” denotes the probability of winning that the amateur has, not that tennis is a game of chance as opposed to a game of skill. Similarly, the People’s argument, that because the player has a one in three chance of winning, the game is one of chance, rests on a definition of the term "chance” as it relates to probabilities. As almost all games involving either skill or chance, or a combination thereof, can be reduced to a statistical probability, this argument does not address the issue before the court.
The People also argue that the issue of whether three-card monte is a game of skill or chance is properly resolved by the trier of fact. Gambling is a material element of both charges facing the defendant. (People v Cruz, supra; People v Raisani, NYLJ, Feb. 22, 1994, at 32, col 5 [Crim Ct, Queens County]; People v Van Name, NYLJ, July 9, 1990, at 29, col 5 [Crim Ct, Richmond County].) As such, the People must make a prima facie showing that three-card monte constitutes gambling. Absent such a showing, the accusatory instrument must be deemed facially insufficient.
The court is cognizant of the fact that many three-card monte games involve deception or trickery on the part of the dealer. Allegations of fraudulent behavior bring a dealer within the reach of the criminal law.[2] However, as proof of this behavior may be difficult to secure, the Legislature might want to consider the viability of proscribing the mere act of playing three-card monte, as some States have done.[3] Alternatively, the Legislature could prohibit betting on both games of chance and skill.[4]
*74 For the aforementioned reasons, three-card monte is not a contest of chance, and consequently, does not fall within the definition of gambling. As gambling is an element of both counts charged in this case, the People have failed to establish a prima facie case. Defendant’s motion to dismiss is granted. In light of this decision, the remainder of defendant’s motions are rendered moot.

. For a discussion of the historical development of three-card monte in a legal context see People v Williams (93 Misc 2d 726 [Crim Ct, NY County 1978]).

. In these circumstances, a perpetrator can be charged with fraudulent accosting (Penal Law § 165.30; see, People v Farrar, 120 Misc 2d 464, 467 [Crim Ct, NY County 1983]).

. See, Okla Stat Ann, tit 21, § 954 (1994); DC Code Ann § 22-1506 (1993).

. Illinois prohibits wagering on both games of chance and skill. (720 ILCS 5/28-1 [1994].)