OPINION OF THE COURT
Matthew F. Cooper, J.
The defendant is charged with the crimes of promoting gambling in the second degree, in violation of Penal Law *730 § 225.05, possession of a gambling device, in violation of Penal Law § 225.30 (2), disorderly conduct, in violation of Penal Law § 240.20 (5), and three-card monte, in violation of Administrative Code of the City of New York § 10-161. The defendant moves this court for an order dismissing several counts of the information on the grounds of facial insufficiency and for various other relief.
Facial Sufficiency
A misdemeanor information is sufficient on its face if it contains nonhearsay factual allegations which, if true, establish every element of the offense and provide reasonable cause to believe the defendant committed the offense charged. (CPL 100.15 [3]; 100.40 [1] [b], [c].) Conclusory factual allegations are insufficient and render the accusatory instrument defective. (People v Dumas, 68 NY2d 729 [1986].) Moreover, the failure to establish a prima facie case in an information is a nonwaivable jurisdictional defect requiring dismissal of the accusatory instrument. (People v Alejandro, 70 NY2d 133, 139, citing People v Hall, 48 NY2d 927, and People v Case, 42 NY2d 98.)
Promoting Gambling in the Second Degree
“A person is guilty of promoting gambling in the second degree when he knowingly advances or profits from unlawful gambling activity.” (Penal Law § 225.05.) Gambling occurs when one “stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome.” (Penal Law § 225.00 [2].) A contest of chance is defined as “any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein.” (Penal Law § 225.00 [1].)
The information herein provides, in pertinent part, as follows:
“Deponent states that he observed the defendant standing behind a cardboard box manipulating three (3) bottle caps and a sponge ball thereon, to wit, sliding said caps back and forth, encouraging pedestrians to place their bets. Deponent further states that based on training and experience deponent knows that the defendant was engaging in an illegal street game commonly known as ‘shell *731 game.’ ”[1]
The defendant argues that the information is facially insufficient in that it fails to allege that he was promoting a game of chance, a required element of the charge. The defendant further argues that three-card monte or its counterpart, the shell game, is a game of skill, not a game of chance, and, therefore, not within the definition of gambling under the Penal Law. In support of his position, the defendant relies on People v Hunt (162 Misc 2d 70 [Crim Ct, NY County 1994]).
In its response, the People contend that the information is sufficient on its face. The People do not, however, specifically address the points raised by the defendant in his moving papers.[2]
“The principle that a game of skill is not within the compass of a gambling statute is one of long standing in this State.” (People v Turner, 165 Misc 2d 222, 223 [Crim Ct, NY County 1995], citing People v Fuerst, 13 Misc 304, 307 [Queens County Ct 1895].) The question of whether three-card monte (or the “shell game”) constitutes a game of skill or a contest of chance, however, is one that is not yet settled in New York. (See Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 225, at 197 [“There is a difference of *732 opinion in the trial courts as to whether ‘three-card monte’ or the similar ‘shell game’ is a contest of chance and thus gambling”].)
People v Hunt (supra), the case cited by the defendant, involved a game of three-card monte. The defendant in Hunt moved to dismiss the accusatory instrument charging the crimes of promoting gambling in the second degree and possession of a gambling device as facially insufficient. In granting the motion, the court observed that “[a]bsent trickery or deceit on the part of the dealer, i.e., palmed cards, the contest pits the skill level of the dealer in manipulating cards against that of the player in visually tracking the card. Played fairly, skill rather than chance is the material component of three-card monte.” (Hunt, 162 Misc 2d, at 72.)
On the other hand, People v Turner (supra), a 1995 New York County Criminal Court case, concluded that the shell game, a variation of three-card monte, was a game of chance. As a result, the court held that the shell game fell within the ambit of the gambling statute. (See also, People v Brown, 112 Misc 2d 471 [Crim Ct, NY County 1982].)
This court agrees with the finding in Hunt (supra) that three-card monte, and by inference the shell game, is not a game of chance. When played fairly, the game is one of skill where the accuracy of the eye of the player competes with the speed of the hand of the dealer. It is noted that fans at Yankee Stadium are entertained between innings by an electronic version of the shell game projected on the stadium scoreboard. The fans attempt to follow the image of a baseball over which is superimposed one of three Yankee baseball caps shuffled at increasing speed. Although no prizes are awarded (at least officially), the “winners” are those fans who are able to identify the Yankee cap under which the image of the ball is concealed.
The court is very much aware of the fact that three-card monte and the shell game, as they are played on the streets of New York, almost always involve trickery and deception. In fact, Hunt and Turner, while reaching contrary conclusions as to whether three-card monte constituted gambling, agreed that legislation was needed to outlaw it by name. (Turner, 165 Misc 2d, supra, at 226; Hunt, 162 Misc 2d, supra, at 73.) In 1999, the City Council of New York recognized the need to specifically address three-card monte in all its variations. The Council *733 enacted Administrative Code § 10-161: “Three-card Monte Prohibited.”[3]
For the reasons stated above, it is the opinion of this court that three-card monte is a game of skill and, thus, does not constitute gambling as such is defined under Penal Law § 225.00 (2). Accordingly, the defendant’s motion to dismiss this count of the accusatory instrument as facially insufficient is granted.
Possession of a Gambling Device
The defendant also moves to dismiss as facially insufficient count two of the information, which charges the defendant with possession of a gambling device, in violation of Penal Law § 225.30 (2). Penal Law § 225.30 (2) states:
“A person is guilty of possession of a gambling device when, with knowledge of the character thereof, he manufactures, sells, transports, places or possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody or use of* * *
“[a]ny other gambling device, believing that the same is to be used in the advancement of unlawful gambling activity.”
Essential to the charge is the element of gambling. As this court has concluded that three-card monte and the similar “shell game” do not fall within the gambling statute, the defendant’s motion to dismiss this count as facially insufficient is also granted.
Three-Card Monte
Administrative Code § 10-161 (b) makes it “unlawful for any person to deal or operate, or be in any manner accessory to the dealing or operating, of three-card monte on any public street, sidewalk or plaza.” Three-card monte is defined as “a game or scheme in which the player is to receive money if he or she correctly selects one of any number of objects, which object was designated by the dealer * * * as the winning object prior to shuffling or rearranging the position of such objects.” (Administrative Code § 10-161 [a].)
The defendant argues that the accusatory instrument is facially insufficient as to this count because it fails to allege that the player received money and that such an element is *734 required under the Code. The defendant’s interpretation is incorrect.
Administrative Code § 10-161 does not require that the player — or for that matter, the dealer — actually receive or exchange money. There need only be the expectation that the player will receive money if he or she correctly selects the designated object. This requirement is met by the allegation set forth in the complaint that the defendant was observed encouraging pedestrians to place their bets. Accordingly, the defendant’s motion to dismiss this count of the accusatory instrument as facially insufficient is denied.
Bill of Particulars/Motion for Discovery
The defendant’s request for a bill or particulars and discovery is granted to the extent provided for in the People’s response and voluntary disclosure form.
Motion to Suppress Statements
The defendant’s motion for a Huntley /Dunaway hearing is granted.
Motion to Suppress Physical Evidence
The defendant’s motion for a Mapp hearing is granted.
Motion to Preclude Evidence
The motion to preclude evidence of identification for the prosecution’s failure to comply with the provisions of CPL 710.30 (1) is granted. The court file does not indicate that such notice was served nor do the People claim that the notice was served.
Sandoval Motion
The motion to preclude cross-examination of the defendant on his prior criminal record or prior bad acts is granted to the extent that a hearing will be referred to the trial court.
Reservation of Rights
The defendant’s request to make further motions is granted to the extent recognized under CPL 255.20 (3).

. The “shell game” is a variation of the game known as three-card monte. (See People v Turner, 165 Misc 2d 222, 223 [Crim Ct, NY County 1995].)
Administrative Code § 10-161 (a) provides:
“ ‘[T]hree-card monte’ shall mean a game or scheme in which the player is to receive money if he or she correctly selects one of any number of objects, which object was designated by the dealer, operator or any individual working with said dealer or operator of the game or scheme, as the winning object prior to shuffling or rearranging the position of such objects. ‘Objects’ shall be defined as any item capable of being shuffled or rearranged on a surface, including, but not limited to, cards, shells or caps.”

. The People’s response to the defendant’s motion to dismiss for facial insufficiency states, in its entirety, as follows:
“The defendant has moved to dismiss the information, or a count thereof, as insufficient on its face. It is well settled that an information and/or any supporting depositions must contain ‘[n] on-hearsay allegations [which] establish, if true, every element of the offense charged and the defendant’s commission thereof.’ GPL §100.40(1) (c); see People v. Alejandro, 70 N.Y.2d 133 (1987). This ‘prima facie’ case requirement is designed to afford a defendant notice of the charges against him and to prevent baseless prosecutions. Id. At 137-38. Thus, ‘[h]owever awkwardly an information may be drawn, if it charges an offense . . . and states acts done by the accused that constitute it, that will be sufficient’. People v. Love, 306 N.Y. 18, 23 (1953).”

. The court notes that since the City Council’s enactment of Administrative Code § 10-161 there have been no reported cases on the issue of whether three-card monte is a game of skill or a game of chance.