OPINION OF THE COURT
Raymond Guzman, J.
The defendant was arraigned on March 31, 2002, and charged with promoting gambling in the second degree in violation of Penal Law § 225.05, and possession of a gambling device in violation of Penal Law § 225.30 (a) (2), among other offenses. The defendant has filed an omnibus motion asserting that the information contains insufficient factual allegations to support the two referenced charges, and asking that they be dismissed.
*49 For the reasons set forth below, the defendant’s motion to dismiss the accusatory instrument as it pertains to Penal Law §§ 225.05 and 223.30 (a) (2) is denied.
In order to be facially sufficient, an information must contain nonhearsay factual allegations of an evidentiary character that would establish, if true, every element of each offense charged, and the defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1] [a], [b], [c]). An information which alleges insufficient facts to support a finding that the defendant committed a charged offense is jurisdictionally defective, and must be dismissed as it pertains to such charge (see People v Alejandro, 70 NY2d 133 [1987]).
The Factual Allegations
The information in the case at bar contains the following factual allegations relating to the two charges at issue, as sworn to by the complainant/deponent, Police Officer Neil Quan.
On March 30, 2002, at about 2:02 p.m., at a location described as 510 Broadway, Manhattan, Officer Quan observed the defendant calling to pedestrians, encouraging them to approach a man (the defendant’s former codefendant) who was manipulating cards on top of two boxes; the defendant further encouraged such pedestrians to place bets on a card game which Officer Quan, based on his training and experience, identified as “three card monte.”[1]
Officer Quan recovered three playing cards from the sidewalk where he had observed the codefendant place them, and recovered three more playing cards from the codefendant’s jacket. Officer Quan also recovered $286.85 from the defendant’s pants pocket.
The issue is whether these allegations, if adjudged to be true, are sufficient to support a finding that the defendant violated Penal Law §§ 225.05 and/or 225.30 (a) (2).
Penal Law § 225.05: Promoting Gambling in the Second Degree
Penal Law § 225.05 provides that a person is guilty of promoting gambling in the second degree when “he knowingly advances or profits from unlawful gambling activity.” The *50 Penal Law defines “gambling” as what a person does “when he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome” (§ 225.00 [2]). The term “contest of chance” is defined as “any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an ele - ment of chance, notwithstanding that the skill of the contestants may also be a factor therein” (§ 225.00 [1]).
The defendant, in his instant motion, relies on the holding in People v Mohammed (187 Misc 2d 729 [Crim Ct, NY County 2001]) to argue that the game of three card monte is a game of skill, rather than a contest of chance; ergo, betting on three card monte does not constitute gambling as defined in the Penal Law. The Mohammed court, citing its agreement with the decision in People v Hunt (162 Misc 2d 70 [Crim Ct, NY County 1994]), found that “three-card monte, and by inference the shell game, is not a game of chance. When played fairly, the game is one of skill where the accuracy of the eye of the player competes with the speed of the hand of the dealer” (Mohammed, 187 Misc 2d at 732). Thus, the defendant in the instant case takes the position that even if he did encourage people to bet on three card monte, his conduct did not constitute the promotion of gambling.
As the Mohammed court acknowledged, however, other trial courts have disagreed with its (and Hunt’s) characterization of three card monte and the shell game as “games of skill.”
In People v Williams (93 Misc 2d 726 [Crim Ct, NY County 1978]), a three card monte operator was charged with the crime of fraudulent accosting under Penal Law § 165.30.[2] In an opinion offering a colorful history of three card monte and various “confidence” and “bunco” games, the court dismissed the charge, holding that three card monte does not fall into the ambit of Penal Law § 165.30, absent an allegation that the defendant committed a specific act demonstrating intent to defraud by “trick or swindle” (e.g., that the dealer palmed a *51 card), or an allegation that the defendant participated in a classic “confidence game” plot (e.g., that an accomplice pretended to help the player while actually misleading him). Nevertheless, in dismissing the case, the Williams court in no way characterized three card monte as a game of skill; to the contrary, the court likened it to a “carnival type swindle” (id. at 734). The court said, “[l]est this opinion be viewed as the emancipation proclamation for the monte sharpie plying his skills on Broadway to an unwary public, his conduct would in my view be a clear violation of [Penal Law § 240.35 (2)] — loitering for the purpose of gambling” (id. at 734-735).
In People v Brown (112 Misc 2d 471 [Crim Ct, NY County 1982]), the defendant was charged with the same offenses as those at issue in the instant case: promoting gambling in the second degree (Penal Law § 225.05) and possession of a gambling device (Penal Law § 225.30). The information alleged that “defendant, acting in concert with two (2) others * * * knowingly advance [d] and profit[ed] from three (3) card monte in that defendant acted as lookout for the two (2) others and shouted ‘police’ when [police] approached, causing the two (2) others to flee with their cards and money” (id. at 471). The court found the information facially sufficient, stating, “By charging that defendant, acting in concert, aided his fellow monte players in their gambling activities by acting as their lookout, the information sufficiently alleges facts supporting every element of the misdemeanor of promoting gambling in the second degree” (id. at 473).
In People v Turner (165 Misc 2d 222 [Crim Ct, NY County 1995]), the defendant was also charged with promoting gambling in the second degree and possession of a gambling device; the information alleged that the deponent police officer saw the defendant “manipulating three bottle caps on top of a cardboard box with his hands and encouraging pedestrians to place bets by calling out in substance ‘five bucks a bet’ on a game commonly known as ‘the shell game’ ” (id. at 223). The defendant in Turner relied on People v Hunt (162 Misc 2d 70, supra) to contend that the information was facially insufficient because the shell game was a game of skill, not chance. The court disagreed, expressing its view that “the essential character of the contest * * * is a game of chance. The essence of the shell game is to stake a bet on the player’s selection of the one shell, out of three, that contains an object” (Turner, 165 Misc 2d at 224). Noting that a player need not be skilled in order to make such a choice, and that the game could be played *52 without the shells being manipulated at all, the court said, “the dealer’s purpose in initially disclosing the location of the object and in then manipulating the shells is hardly to give the player a fair chance. Rather * * * the purpose [is] * * * to create an illusion designed to convince the player that the object is within one of the empty shells” (id., citing People v Williams, 93 Misc 2d 726, supra). “In fact * * * the player increases the odds in the player’s favor by relying on random selection and ignoring the dealer’s manipulation” (id. at 226).
In July 1999, the New York City Council sought to end the confusion surrounding the legal status of three card monte by unanimously approving legislation to outlaw the public operation of the game and its variants. The measure went into effect on August 4, 1999, as Administrative Code of the City of NY § 10-161. In its report on the proposed legislation,[3] the New York City Council Committee on Public Safety referred to the game as a “scheme,” and explained why it was necessary to enact a new law: “Prosecution under the fraudulent accosting statute is difficult because it requires proof of an ‘intent to defraud.’ Prosecution under the gambling statute became problematic after a 1994 court decision [People v Hunt, 162 Misc 2d 70, supra, ruling that three card monte is a game of skill].”
As the decision in People v Mohammed (187 Misc 2d 729, supra) illustrates, prosecution under the gambling statute may remain problematic in the view of some trial courts. However, this court agrees with the analysis in People v Turner (165 Misc 2d 222, supra), and finds that even “when played fairly” three card monte is essentially a game of chance, wherein the player has a one-in-three chance of selecting the “right” card if he can resist the operator’s manipulations and simply choose randomly. Moreover, it is worth mentioning that the game does not enjoy a reputation for being played fairly even as a game of chance. “Not content to have the odds two to one in their favor, history and practice reveal a number of swindles and hustles in order to insure the operator’s success” (People v Williams, 93 Misc 2d at 728). Three card monte masquerades as a game of skill in order to lure players, but in reality, it is at best a game of chance.
Penal Law § 225.30 (a) (2): Possession of a Gambling Device
Penal Law § 225.30 (a) (2) provides, in pertinent part, that a person is guilty of possession of a gambling device when “with *53 knowledge of the character thereof, he * * * possesses, or conducts or negotiates any transaction affecting or designed to affect * * * use of [a]ny * * * gambling device, believing that the same is to be used in the advancement of unlawful gambling activity.”
In addition to arguing that betting on three card monte does not constitute gambling under the Penal Law, an argument this court has already rejected, the defendant contends that his alleged participation (encouraging people to bet) does not demonstrate that he was involved with the operation of the game or its operator. The defendant notes that the information contains no allegations that he possessed any device used in playing the game, and contains no allegations that the money found on his person was obtained from an illegal source.
As recited, supra, the information in the instant case alleges that the defendant encouraged pedestrian passersby to participate in and place bets on the game of three card monte, and that the defendant’s codefendant manipulated and had physical possession of playing cards, i.e., the “device” used in three card monte. The information also specifically refers to the defendant as an accessory to the dealing and operating of the game.
Under Penal Law § 20.00, a person who intentionally aids another person to engage in conduct constituting an offense is criminally liable for such conduct when he acts with the requisite mental culpability. Pursuant to this statute, the court in People v Brown (112 Misc 2d 471, supra) found that the “lookout” in a three card monte game was criminally liable as a principal for the conduct of his two coperpetrators, including their possession of a gambling device (i.e., the cards).
In the instant case, the defendant is alleged to have played a more central role in the game than the defendant in Brown. Three card monte cannot be played without players and cards. Thus, the allegations contained in the information — that the defendant solicited the players while his codefendant held and manipulated the cards — are clearly sufficient to plead the defendant’s role as a principal in the operation of the game. Thus, the allegations are also sufficient to plead his liability for the acts of his codefendant, including possession of a gambling device.
*54 The defendant’s motion to dismiss the information for facial insufficiency as to the charges that he violated Penal Law §§ 225.05 and 225.30 (a) (2) is therefore denied.

. In the game of three card monte “a dealer shows a player three cards or objects, designates one of them as the ‘winning’ card or object, and then reshuffles or rearranges them. The player prevails if he chooses the ‘winning’ card or object and the dealer prevails if the player does not” (Report of NY City Council Comm on Public Safety in favor of adopting Int. No. 51-A, Local Law No. 39 [1999] of City of New York, reprinted in New York Legal Advance Service, 1999 Local Laws of City of NY, at 155).

. Penal Law § 165.30 (1) provides that “[a] person is guilty of fraudulent accosting when he accosts a person in a public place with intent to defraud him of money or other property by means of a trick, swindle or confidence game.” Penal Law § 165.30 (2) provides that “[a] person who, either at the time he accosts another in a public place or at some subsequent time or at some other place * * * engages in conduct * * * of a kind * * * performed in the perpetration of a known type of confidence game, is presumed to intend to defraud such person of money or other property.”

. Reprinted in New York Legal Advance Service, 1999 Local Laws of City of NY, at 155.