OPINION OF THE COURT
Charles S. Lopresto, J.
Defendant moves in an omnibus motion for the following relief: (1) a bill of particulars; (2) discovery; (3) dismissal of the accusatory instrument; (4) suppression of physical evidence; (5) *1143 suppression of statement evidence; (6) a Sandoval application; and (7) a reservation of rights. The People have responded to the motion and demand reciprocal discovery. Defendant’s motion is decided as follows:
Defendant Li Ai Hua is charged, under a theory of acting in concert with three codefendants, with promoting gambling in the second degree. (Penal Law § 225.05.)
Dismissal of the Accusatory Instrument
Defendant moves for dismissal of the accusatory instrument for facial insufficiency. It is defendant’s contention that the information is defective as the facts alleged fail to establish that defendant engaged in a game of chance. According to defendant, mah jong is a game that requires skills that include tactics, observation and memory. In addition, defendant argues for dismissal on the basis that the accusatory instrument only establishes that defendant was present.
The People oppose the motion, arguing that mah jong is a game of skill and chance. The People annex to the affirmation in opposition printouts about mah jong from two Web sites.
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10; People v Jones, 9 NY3d 259 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Dumas, 68 NY2d 729 [1986].) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offense. (CPL 100.40 [1] [c].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Kalin, 12 NY3d 225 [2009]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
In reviewing an accusatory instrument for facial sufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) What is needed in the pleading is that the factual allegations are sufficiently evidentiary in character such that they tend to support the charges. (People v Allen, 92 NY2d 378, 385 [1998].)
In deciding a motion to dismiss for facial insufficiency, a court must confine its analysis to the allegations contained solely in *1144 the complaint and any depositions filed in support of it. (CPL 100.40 [1], [4]; People v Alejandro at 138; People v Konieczny, 2 NY3d 569 [2004].) New facts contained in the affirmation in opposition are not part of the accusatory instrument and cannot serve to cure any of its alleged jurisdictional defects. (Id.; People v Iftikhar, 185 Misc 2d 565 [Crim Ct, Queens County 2000].)
The accusatory instrument charges defendant with the commission of the aforementioned crime on January 28, 2009, between 5:55 p.m. and 6:00 p.m., inside of 41-78 Main Street, basement, Queens, New York, under the following circumstances:
“Deponent [Detective Philip Adaszewski] states that on the above-mentioned date and time and place of occurrence, the defendant [Li Ai] Hua, opened the front door and greeted the deponent.
“Deponent further states that he observed two (2) tables with over ten (10) people, handing the defendants, Kan Fan Chan and Qing Z. Zhang, a sum of United States Currency to play ‘Mahjong’ which is a game of chance.
“Deponent further states that he observed the defendant Kan Fan Chan hand the defendant Pan Yi Zhu, said United States Currency.
“Deponent further states that he observed the defendant Pan Yi Zhu place said United States Currency on said tables and write entries on a betting slip notebook pad.
“Deponent further states that he observed and recovered from said table seven hundred ninety ($790.00) Dollars United States Currency and said notebook pad.
“Deponent further states that the defendant [Li Ai] Hua admitted to him in sum and substance that he was sorry and that he will close the location tomorrow.
“Deponent further states that his conclusion that the said betting slip notebook pad is a gambling record and that said records are commonly used as instruments of gambling, is based upon his experience and training as a police officer in the identification of gambling paraphernalia.”
A person is guilty of promoting gambling in the second degree when “he knowingly advances or profits from unlawful gambling activity.” (Penal Law § 225.05.) “Gambling” is defined as follows:
*1145 “A person engages in gambling when he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome.” (Penal Law § 225.00 [2].)
Inasmuch as “gambling” is a material element of the charge of promoting gambling in the second degree, the People must make a prima facie showing that the game or scheme in issue constitutes gambling. (People v Giordano, 87 NY2d 441 [1995].) Section 225.00 (1) of the Penal Law defines a “[c]ontest of chance” as “any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein.”
While some games may involve both an element of skill and chance, if “the outcome depends in a ‘material degree’ upon an element of chance,” the game will be deemed a contest of chance. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 225.00, at 356 [2008 ed].) “The test of the character of the game is not whether it contains an element of chance or an element of skill, but which is the dominating element that determines the result of the game.” (People ex rel. Ellison v Lavin, 179 NY 164, 170-171 [1904].) It follows then that wagering on the outcome of a game of skill is therefore not gambling as it falls outside the ambit of the statute. (People v Stiffel, 61 Misc 2d 1100 [App Term, 2d Dept 1969]; People v Mohammed, 187 Misc 2d 729 [Crim Ct, NY County 2001]; People v Fuerst, 13 Misc 304 [Queens County Ct of Sess 1895]; see also People ex rel. Ellison v Lavin, 179 NY at 170 [“games of chess, checkers, billiards and bowling (are) held to be games of skill”].) Three-card monte, when played fairly, has been characterized by some courts as a game of skill (People v Mohammed, supra; People v Hunt, 162 Misc 2d 70 [Crim Ct, NY County 1994]), while other courts have characterized three-card monte and other similar type shell games as games of chance. (People v Denson, 192 Misc 2d 48, 50-52 [Crim Ct, NY County 2002]; People v Turner, 165 Misc 2d 222 [Crim Ct, NY County 1995].)
A person “advances gambling activity” when, acting as other than a player, he engages in conduct which materially aids any form of gambling activity. (Penal Law § 225.00 [4].) In defining
*1146 “advances gambling activity,” Penal Law § 225.00 (4) provides as follows:
“[W]hen, acting other than as a player, [a person] engages in conduct which materially aids any form of gambling activity. Such conduct includes but is not limited to conduct directed toward the creation or establishment of the particular game ... or activity involved, toward the acquisition or maintenance of premises, paraphernalia, equipment or apparatus therefor, toward the solicitation or inducement of persons to participate therein, toward the actual conduct of the playing phases thereof, toward the arrangement of any of its financial or recording phases, or toward any other phase of its operation. One advances gambling activity when, having substantial proprietary or other authoritative control over premises being used with his knowledge for purposes of gambling activity, he permits such to occur or continue or makes no effort to prevent its occurrence or continuation.”
Promoting gambling in the second degree (Penal Law § 225.05) thus identifies various types of conduct which may constitute gambling activity and concludes with the “catchall phrase referring to conduct directed ‘toward any other phase of [a gambling] operation.’ ” (People v Giordano at 447.) Pursuant to Penal Law § 20.00, a person who intentionally aids another person to engage in conduct constituting an offense is criminally liable for such conduct when he acts with the requisite mental culpability.
Here, the accusatory instrument alleges that people were handing codefendants money to play mah jong “which is a game of chance.” There is no support given for the claim that mah jong is a game of chance. Detective Adaszewski fails to state the basis for his conclusion about mah jong or otherwise indicate that he is trained and experienced in identifying gambling activity, i.e., games of chance. (Cf. People v Kalin, supra.) Although the information provides the basis for his conclusion as to the betting slip notebook pad, if it were determined that mah jong is a game of skill and not of chance, mah jong would not constitute gambling no matter the surrounding circumstances, including the presence of gambling paraphernalia. (People v Giordano, supra.)
It is noted that unlike other alleged gambling activity such as three-card monte (People v Denson, supra; People v Mohammed, *1147 supra; People v Turner, supra; People v Hunt, supra) and joker poker machines (People v Herman, 133 AD2d 377 [2d Dept 1987]; Matter of Plato’s Cave Corp. v State Liq. Auth., 68 NY2d 791 [1986]; People v Delacruz, 23 Misc 3d 720 [Crim Ct, Kings County 2009]), there are no reported cases on mah jong and whether it is a game of skill or one of chance.
The exhibits attached to the People’s affirmation in opposition do not warrant a different result as they are not part of the information or supporting deposition, as the information contained therein is hearsay, and as the documents are not otherwise admissible under some hearsay rule exception. (CPL 100.40 [1], [4]; People v Belcher, 302 NY 529, 534-535 [1951]; People v Casey at 361.) Therefore, they have not been considered.
Accordingly, as the information fails to contain a factual basis for the detective’s conclusion that mah jong is gambling, a material element of the charge, defendant’s motion to dismiss the accusatory instrument for facial insufficiency is granted.
The People are granted leave to file a legally sufficient superseding information within 30 days of the date of this decision. In the event the People timely file a legally sufficient superseding information, the remaining requests for relief are decided as follows:
Bill of Particulars
The People are ordered to provide a bill of particulars as required by CPL 200.95, to the extent not already provided.
Discovery
The People are directed to comply with the motion for discovery, pursuant to CPL 240.20, to the extent not already provided. The People are reminded of their continuing Brady obligations. (Youngblood v West Virginia, 547 US 867, 869 [2006]; Brady v Maryland, 373 US 83 [1963].)
Suppression of Physical Evidence
Defendant has moved for suppression of physical evidence seized, specifically, the $790 and the notebook pad. The People oppose the motion. Defendant’s motion to suppress physical evidence is granted to the extent that a Mapp hearing is ordered. (Mapp v Ohio, 367 US 643 [1961].)
Suppression of Statement Evidence
Defendant’s motion to suppress statement evidence is granted to the extent that a Huntley/Dunaway hearing is ordered. (People *1148 v Huntley, 15 NY2d 72 [1965]; Dunaway v New York, 442 US 200 [1979].) The People oppose the motion.
Sandoval Application
The Sandoval motion is referred to the trial court for decision. (CPL 240.43; People v Sandoval, 34 NY2d 371 [1974].) Disclosure of the prior bad act evidence which the People will seek to introduce at trial for purposes of impeaching defendant’s credibility, shall be made in accordance with the time frame set forth in CPL 240.43.
Reservation of Rights
Defendant’s motion to reserve the right to make further motions is granted to the extent permitted by CPL 255.20 (3).
Demand for Reciprocal Discovery
The People’s demand for reciprocal discovery is granted as required by CPL 240.30.