■ In the Matter of Bubba Restaurant, Inc., Petitioner, v New York State Liquor Authority, Respondent.—In this proceeding pursuant to CPLR article 78, transferred by order of the Supreme Court, New York County (Burton Sherman, J.), entered March 30, 1989, the determination of respondent, New York State Liquor Authority, dated January 4, 1989, which imposed a penalty of suspension of petitioner's liquor license for a period of 30 days, plus a $1,000 bond forfeiture, is unanimously annulled, solely to the extent of vacating the penalty and remanding for reconsideration thereof, and otherwise confirmed, without costs or disbursements.

Upon examination of this record, we conclude that respondent's determination, made after a hearing, that petitioner permitted gambling on the licensed premises in violation of Alcoholic Beverage Control Law § 106 (6) and maintained on said premises a video display game machine prohibited under rule 36.1 (t) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [t]), was supported by substantial evidence.

The uncontroverted evidence established that on June 25, 1988, a "Broadway" video game machine was operated in the licensed premises, with the full knowledge and permission of

petitioner. This game rewards a winning player with additional games free of charge and, therefore, provides "something of value" within the meaning of Penal Law § 225.00 (6) and is a "gambling device" pursuant to Penal Law § 225.00 (7). *(See, Matter of Plato's Cave Corp. v State Liq. Auth.,* 68 NY2d 791.)

In the circumstances before us, however, we find that the 30-day suspension of petitioner's liquor license and the forfeiture of the $1,000 bond is unduly harsh. *(See, Matter of Cos Dei San, Inc. v New York State Liq. Auth.,* 147 AD2d 370.) Accordingly, the penalty is vacated and the matter remanded to respondent solely for reconsideration of appropriate sanction. Concur—Kupferman, J. P., Milonas, Asch, Kassal and Smith, JJ.