■ In the Matter of RONTIM RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [614 NYS2d 749] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated September 16, 1991, which, after a hearing, found the petitioner guilty of violating, inter alia, Alcohol Beverage Control Law § 106, suspended its liquor license for 30 days (15 days forthwith and 15 days deferred), and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

There is substantial evidence in the record to support the respondent's determination that the petitioner violated Alcoholic Beverage Control Law § 106 (5) by permitting the sale of an alcoholic beverage during prohibited hours. Prior to purchasing the alcoholic beverage in question, the investigator compared the time on his watch with that of the clock on the wall of the premises to ascertain the correct time. Since a reasonable person might accept the investigator's testimony as adequate to support the conclusion that he purchased the alcoholic beverage in question at an unlawful hour (see, Alcoholic Beverage Control Law § 106 [5]), we find that the respondent presented substantial evidence to that effect (see, Matter of Stork Rest. v Boland, 282 NY 256, 273).

There is also substantial evidence in the record to support the respondent's determination that the petitioner violated Alcoholic Beverage Control Law § 106 (6) and rule 36.1 (t) of the Rules of the New York State Liquor Authority (9 NYCRR 53.1 [t]) by permitting gambling, in the form of "Joker Poker" and slot-machine video games, on its premises (see, Matter of Stork Rest. v Boland, supra). It is well settled that such machines are gambling devices, which violate the statutory provisions regarding gambling on premises licensed for the consumption of alcohol (see, Matter of Plato's Cave Corp. v State Liq. Auth., 68 NY2d 791; Alcoholic Beverage Control Law § 106 [6]).

In light of all of the circumstances, the penalty that was imposed by the respondent is not so disproportionate to the offenses to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.