■ In the Matter of 2960 TAVERN INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [814 NYS2d 871]— Determination by respondent, dated April 7, 2005, sustaining two charges of suffering or permitting gambling on the premises and imposing a $3,500 civil penalty, or, alternatively, a 25-day suspension and $1,000 bond claim, unanimously confirmed, the petition denied and this CPLR article 78 proceeding (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered July 7, 2005) dismissed, without costs.

The finding of gambling permitted on the licensed premises, in violation of Alcoholic Beverage Control Law § 106 (6), is supported by substantial evidence (*see Matter of JAJK, Inc. v Division of Alcoholic Beverage Control*, 272 AD2d 963 [2000]; *Matter of Bubba Rest. v New York State Liq. Auth.*, 160 AD2d 539 [1990]). The record also supports respondent's finding that the video game in question is a gambling device in violation of Rules of the State Liquor Authority (9 NYCRR) § 53.1 (t) (*Matter of Plato's Cave Corp. v State Liq. Auth.*, 68 NY2d 791 [1986]; *Matter of Tom's Log Cabin v New York State Liq. Auth.*, 214 AD2d 492 [1995]). The penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*Matter of Rontim Rest. v New York State Liq. Auth.*, 206 AD2d 485 [1994]). Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.