OPINION OF THE COURT
Evelyn Laporte, J.
*721 The defendant, Raquel Delacruz, is charged with possession of a gambling device (Penal Law § 225.30 [a] [1]).
By notice of motion served and filed on September 23, 2008, she has moved to dismiss the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1) (a) and 170.35. She has also moved for speedy trial dismissal pursuant to CPL 30.30. The People served and filed their affirmation in response on October 17, 2008. The defendant served and filed her reply to the People’s response on November 13, 2008.
The information alleges that on or about May 2, 2008, at approximately 5:25 p.m. at 733 Knickerbocker Avenue in Kings County, New York State, a police officer observed a Joker Poker machine to be in the rear of the establishment at the aforementioned location. The information further alleges that the informant inserted money into the machine and received extended play without needing to insert any more money. The information goes on to allege that, based on the police officer’s training and experience, he knew that the machine was designed for gambling. The information also alleges that the defendant stated in substance that she was the owner of the Joker Poker machine.
The information alleges, in pertinent part:
“Deponent states that deponent observed a Joker Poker machine that was inside the location and recovered the above mentioned Joker Poker machine near the back of said location.
“Deponent further states that Deponent is informed by Defendant’s own statements that Defendant is the owner of said Joker Poker machine.
“Deponent is further states [sic] that Deponent inserted a sum of United States currency into said machine and received extended play for no further payment.
“The deponent further states that Deponent has had professional training as a police officer in the identification and operation of gambling devices, has previously made arrests for the criminal possession of . . . gambling devices and based on informant’s experience the above-mentioned Joker Poker machine is a gambling device.”
Facial Sufficiency
A legally sufficient information must contain nonhearsay allegations establishing, if true, every element of the offense *722 charged and the defendant’s commission thereof. The allegations of the factual part of an information, together with those of any supporting depositions which may accompany it, must provide reasonable cause to believe that the defendant committed the crime charged. (CPL 100.40; 70.10 [2].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 100.40 [1]; 100.15 [3]; People v Casey, 95 NY2d 354 [2000].)
Defendant argues that the information is facially insufficient in that it fails to allege facts that establish the elements of possession of a gambling device. Specifically, the defendant maintains that the People have not alleged that the game of Joker Poker is a game of chance, as opposed to being a game of skill which would not qualify as a “gambling device.”
Gambling occurs when one stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome. (Penal Law § 225.00 [2].) A contest of chance is defined as “any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein.” (Penal Law § 225.00 [1].)
Possession of a Gambling Device
Under Penal Law § 225.30 (a) (1),
“[a] person is guilty of possession of a gambling device when, with knowledge of the character thereof, he or she manufactures, sells, transports, places or possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody or use of:
“1. A slot machine, unless such possession is permitted pursuant to article nine-A of the general municipal law.”
The owner or an employee of a commercial establishment where a gambling device is unlawfully operated may properly be convicted of possession of a gambling device (see People v Herman, 133 AD2d 377 [2d Dept 1987]).
Penal Law § 225.30 (a) contains two other paragraphs that read in pertinent part as follows:
“custody or use of: . . .
*723 “2. Any other gambling device, believing that the same is to be used in the advancement of unlawful gambling activity; or
“3. A coin operated gambling device with intent to use such device in the advancement of unlawful gambling activity.”
Many people, upon hearing the term “slot machine” would immediately envision the commonly known “One-Armed Bandit,” a machine that spins a column of (usually) three or more icons of fruit, numbers or other items and is activated by placing a coin into the machine and then pulling down a long metal arm that has a black ball on top of it. Upon pulling the lever toward you, the columns spin and then settle into a pattern that determines whether you have won. Modern computer technology has resulted in many of these machines being operated by pressing a button or, on newer machines, by pressing a touchscreen on its face, instead of pulling a lever, even though a lever may still be present on the side of the machine. The winner usually receives coins that are spilled into a “drop bucket” or “drop box.”
Therefore, when considering this typical “slot machine” one might believe that the device described in this complaint should have been charged under either paragraph (2) or (3) of Penal Law § 225.30 (a), and not as a slot machine under paragraph (1).
However Penal Law § 225.00 (8) defines a slot machine as
“a gambling device which, as a result of the insertion of a coin or other object, operates, either completely automatically or with the aid of some physical act by the player, in such manner that, depending upon elements of chance, it may eject something of value. A device so constructed, or readily adaptable or convertible to such use, is no less a slot machine . . . because, apart from its use or adaptability as such, it may also sell or deliver something of value on a basis other than chance. . . A machine which awards free or extended play is not a slot machine merely because such free or extended play may constitute something of value provided that the outcome depends in a material degree upon the skill of the player and not in a material degree upon an element of chance.” (Emphasis added; see Penal Law § 225.00 [1].)
It therefore appears that while paragraphs (2) and (3) are “catch-alls” that encompass the entire range of electronic *724 gambling devices, Joker Poker devices do qualify as slot machines under paragraph (1) of the statute. This despite the fact that the description proved by Penal Law § 225.00 (8) renders section 225.30 (a) (1) as vestigial as the legacy pull levers that still appear on some of these devices.
Defendant argues, however, that this particular machine is not a gambling device at all. She relies on the same definition under Penal Law § 225.00 (8), emphasizing the final portion that requires that the outcome of the game depend “in a material degree upon the skill of the player and not in a material degree upon an element of chance.” Defendant asserts that the People were required to make an “allegation regarding the interplay of chance in obtaining the free/extended play.” (Defendant’s affirmation para 21.)
In opposition the People cite Matter of Rontim Rest. v New York State Liq. Auth. (206 AD2d 485, 486 [1994]), wherein the court held that “[fit is well settled” that Joker Poker machines are gambling devices. The People also call attention to the fact that in the instant complaint, the deponent gave a specific basis of knowledge for identifying the machine as a Joker Poker device.
In People v Dumas (68 NY2d 729 [1986]), the Court held that an officer’s training and experience, if set forth, would provide reasonable grounds to believe that the substance is the drug which the officer believes it to be (see People v Bratton, 166 Misc 2d 893, 896 [1995]). Similarly, the deponent in the instant complaint states that he recognizes the machine to be a Joker Poker device based upon his “professional training as a police officer in the identification and operation of gambling devices, [and] ha[ving] previously made arrests for the criminal possession of . . . gambling devices[,] and based on informant’s experience the above-mentioned Joker Poker machine is a gambling device.” This court finds that the Dumas court’s reasoning also applies here and that the officer’s training and experience are enough to establish the officer’s ability to identify the machine as a Joker Poker device for the purpose of this complaint.
In her reply to the People’s response, the defendant maintains that the People’s reliance on Rontim is misplaced because the Rontim case relies entirely upon the case of Matter of Plato’s Cave Corp. v State Liq. Auth. (68 NY2d 791 [1986]) which was decided before the “material degree upon the skill of the player” language was added to Penal Law § 225.00 (8) in 1987.
However, the sole fact that a case was decided before a statute was amended does not change the ruling into bad law. In *725 Matter of Plato’s Cave Corp. v State Liq. Auth. (supra), the focus of the Court’s opinion was that a machine that gives credits is giving something of value. The case also held (at 794) that it may be reasonably inferred that personnel of the establishment were aware of the nature of the machine’s use due to its very presence on the premises, the display of a “credit light” and the duration of time that the machine had been there on said premises. The Appellate Divisions of both the First and Second Departments of the State of New York have consistently applied the Plato’s Cave holding to their post-1987 rulings.
Several Appellate Division cases that were decided well after the 1987 amendment of Penal Law article 225 have similarly ruled that a Joker Poker machine is a veritable “per se” gambling device. In Matter of Bubba Rest. v New York State Liq. Auth. (160 AD2d 539, 540 [1st Dept 1990]) the Court cited Plato’s Cave in holding that a game that “rewards a winning player with additional games free of charge and, therefore, provides ‘something of value’ within the meaning of Penal Law § 225.00 (6) and is a ‘gambling device’ pursuant to Penal Law § 225.00 (7) .” In the Matter of Cos Dei San v New York State Liq. Auth. (147 AD2d 370, 370 [1st Dept 1989]) the Court also cited Plato’s Cave and held that the “extension of free play is ‘something of value’ within the meaning of Penal Law § 225.00 (6) and, therefore, ‘gambling’ within the meaning of Penal Law § 225.00.” The 1994 Second Department case of Matter of Rontim Rest, (supra) continued this trend with its ruling that Joker Poker machines are, in fact, “gambling devices” (206 AD2d at 486).
As to the defendant’s argument that the games were games of skill rather than chance, this court notes that games of chance may also include those “in which the skill of the contestants may play a role, as long as the outcome depends in a material degree on chance.” (See United States v Gotti, 459 F3d 296, 342 [2d Cir 2006].)
A slot machine game such as Joker Poker, which has the theme of a poker game, has an outcome that is decided solely by the circuitry of the machine that was programmed into it when its software was created. If a player matches a combination according to the rules of the game, the slot machine pays the player cash or some other sort of value. Players are usually given a “taste,” a word used in the gambling industry to refer to the small amount often paid out to keep a player seated and continuously betting. While the Joker Poker game may create *726 the illusion of involving skill, the player has no ability to affect the outcome of the game other than playing the game enough times that the laws of probability, and the preprogrammed circuitry, will allow him to win something at some point. The inducement for each play is the chance that eventually the machine will reward the player with something of value, thereby ensuring repeated plays and feeding on the player’s propensity to gamble. There are no trivia questions asked, no formulas to solve and no manner of jostling or deft screen-touching technique will rescue the player from the predetermined fate set forth by the device’s motherboard and the unyielding laws of mathematical statistics.
This court finds that the Joker Poker machine described in this complaint does conform to the Penal Law § 225.00 definition of a slot machine.
Defendant’s motion to dismiss the complaint for facial insufficiency is denied.
Motion to Dismiss for Failure to Answer Ready Pursuant to CPL 30.30
The defendant also moves to dismiss the accusatory instrument pursuant to CPL 30.30 (1) (b) on the grounds that she has been denied her statutory right to a speedy trial. For the reasons set forth below, the defendant’s motion is denied.
The People must be ready for trial within 90 days from the commencement of a criminal action when the defendant is charged with one or more offenses, at least one of which is a class A misdemeanor punishable by no more than one year in jail. (CPL 30.30 [1] [b].) Once the defendant has alleged a delay of more than this allowable time, the People have the burden of demonstrating sufficient excludable time in order to withstand a motion to dismiss. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
The instant action commenced with the defendant’s arraignment on May 3, 2008. For purposes of the computation of the applicable speedy trial time, the day on which the accusatory instrument is filed is excluded. (People v Stiles, 70 NY2d 765 [1987].) Accordingly, May 3, 2008 constitutes day one of the 90-day period applicable to the instant charges.
On May 3, 2008 the case was adjourned to June 23, 2008 for the People to file a superseding complaint or supporting deposition so that the complaint could be converted into an informa *727 tion. Effective readiness requires that the People have a jurisdictionally sufficient accusatory instrument. (People v Colon, 59 NY2d 921 [1983].) Therefore this period is chargeable to the People. Fifty-one days are included.
On June 23, 2008 the case was once again adjourned to September 15, 2008 for the People to file a superseding complaint or supporting deposition so that the complaint might be converted into an information. Effective readiness requires that the People have a jurisdictionally sufficient accusatory instrument. (People v Colon, supra.) On June 25, 2008 the People filed and served a superseding information accompanied by a statement of readiness. This court concurs with Judge Desmond Green’s previous ruling in this case, finding that the accusatory instrument was converted to an information when the People filed a superseding complaint on June 25, 2008. This in conjunction with the filing of the certificate of readiness tolled the speedy trial clock. Therefore, the full period from June 25, 2008 to September 15, 2008 is excludable as per People v Burton (133 Misc 2d 701 [Grim Ct, NY County 1986]); People v Buong Sai (223 AD2d 439 [1st Dept 1996]); and CPL 30.30 (4) (a). Two days are chargeable to the People.
Based on the foregoing, in total, the People are charged with 53 days of includable delay since the commencement of the action on May 3, 2008. Since less than 90 days of chargeable time has elapsed, the defendant’s motion to dismiss, pursuant to CPL 30.30, is denied.
Reservation of Rights
The court gives the defendant leave to make further motions to the extent provided for by CPL 255.20 (3).